FELIPPO L. ACETO and JENNIFER J.
ACETO,

             Plaintiffs,

    v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., ALIAS,
FEDERAL NATIONAL MORTGAGE
ASSOCIATION, ALIAS, and BAC HOME
LOANS SERVICING, LP,

             Defendants.

Civil Action No. 1:11-cv-00046-ML-LDA

## **DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Pursuant to Fed. R. Civ. P. 12(c), defendants Mortgage Electronic Registration Systems,

Inc. ("MERS") and BAC Home Loans Servicing, LP ("BAC") (collectively, "Defendants")

hereby move for judgment on the pleading of plaintiffs' Felippo and Jennifer Aceto ("Plaintiffs")

"Verified Complaint for Declaratory Judgment, Temporary Restraining Order and Injunctive

Relief and for Damages Pursuant to the Provisions [sic] of § 9-30-1 et seq. of the General Laws

of the State of Rhode Island" ("Complaint").

This Motion is based on the accompanying Memorandum of Points and Authorities.

Respectfully submitted,

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. and BAC
HOME LOANS SERVICING, LP

By their attorneys,

/s/ Harris K. Weiner
Harris K. Weiner (# 3779)
Salter McGowan Sylvia & Leonard, Inc.
321 South Main Street, Suite 301
Providence, RI 02903
Office: 401-274-0300
Fax: 401-453-0073
hweiner@smsllaw.com

John B. Daukas (# 5437)
GOODWIN PROCTER LLP
EXCHANGE PLACE
53 State Street
Boston, Massachusetts  02109
Tel.:  617.570.1000
Fax:  617.523.1231
jdaukas@goodwinprocter.com

Dated: March 22, 2011

## CERTIFICATE OF SERVICE

I, Harris K. Weiner, hereby certify that on March 22, 2011, a copy of the foregoing
document, filed through the CM/ECF system, will be sent electronically to the registered
participants as identified on the Notice of Electronic Filing (NEF) and paper copies shall be
served by first class mail postage prepaid on parties listed on the NEF as not receiving electronic
notice.

/s/ Harris K. Weiner
Harris K. Weiner

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| FELIPPO L. ACETO and JENNIFER J. ACETO, <br><br>          Plaintiffs, <br><br> v. <br><br> MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ALIAS, FEDERAL NATIONAL MORTGAGE ASSOCIATION, ALIAS, and BAC HOME LOANS SERVICING, LP, <br><br>          Defendants. | Civil Action No. 1:11-cv-00046-ML-LDA |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and BAC Home Loans Servicing, LP ("BAC") (collectively, "Defendants") hereby submit this Memorandum of Points and Authorities in Support of their Motion for Judgment on the Pleadings.

Plaintiffs Felippo and Jennifer Aceto's ("Plaintiffs") Complaint fails because they have alleged no valid reason to challenge the foreclosure of the property securing their loan. Plaintiffs obtained the $394,000 loan in 2007 and filed this action after foreclosure proceedings were instituted against them in 2010. They seek sweeping relief from this Court—including a declaration that they he should be allowed to own the property free and clear—based on an unconnected series of arguments about MERS.

Accepting as true the well-pleaded factual allegations in the Complaint, the Court should enter judgment in favor of Defendants. As explained below, Plaintiffs expressly granted the mortgage interest to MERS and the successors and assigns of MERS. They also agreed in their Mortgage that MERS and its successors and assigns would serve as the mortgagee and nominee

of behalf of the lender and subsequent successors and assigns of the lender. Plaintiffs also agreed in the Mortgage that, as mortgagee and nominee of the lender, MERS was empowered to take any actions that the lender could take—including assigning interests in the Mortgage and taking actions needed to foreclose when the borrower defaults. For these reasons, courts in Rhode Island and elsewhere have regularly rejected arguments, such as those advanced by Plaintiffs here that seek to challenge foreclosure proceedings because due to the involvement of MERS or because MERS assigned its interests in the mortgage. See, e.g., Bucci v. Lehman Bros. Bank, 2009 R.I. Super. LEXIS 110 (R.I. Super. Ct. Aug. 25, 2009); Kiah v. Aurora Loan Servs., LLC, 2011 WL 841282, at *7-*8 (D. Mass. Mar. 4, 2011); In re Lopez, 2011 WL 576820, at *4-*5 (Bankr. D. Mass. Feb. 9, 2011); Lane v. Vitek Real Estate Indus. Group, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010); Castaneda v. Saxon Mortgage Servs., 687 F. Supp. 2d 1191, 1198 (E.D. Cal. 2009); Blau v. America's Servicing Co., 2009 WL 3174823, at *5 (D. Ariz. Sept. 29, 2009); US Bank, N.A. v. Flynn, 27 Misc. 3d 802, 806 (N.Y. Sup. Ct. 2010).

Defendants respectfully submit that the same result is required here. Plaintiffs' challenges to MERS are each barred by the terms of the Mortgage they executed when they obtained the loan, or by case law approving MERS's ability to assign its interests in a mortgage, or both. The Court should grant judgment for Defendants under Rule 12(c).

## BACKGROUND

On October 7, 2010, Plaintiffs filed this lawsuit against MERS, BAC, and Federal National Mortgage Association ("FNMA") in Providence County Superior Court; the action was later timely removed to this Court. Plaintiffs allege that they obtained a $394,000 loan from Domestic Bank ("Domestic") in December 2007, and that the mortgage named MERS as the nominee for the lender. Compl. ¶ 10. Plaintiffs allege that the loan was sold to Credit Northeast,

Inc. ("Credit Northeast"), and on June 16, 2010 was assigned to Federal National Mortgage Association ("FNMA").  Id. ¶ 12.

Plaintiffs assert various theories challenging the foreclosure of the property, yet admit that the foreclosure sale has actually not yet occurred.  Id. ¶ 11.  Plaintiffs allege that the Assignment of the Mortgage to FNMA was somehow invalid or unauthorized.  Id. ¶¶ 12-15, 17. Plaintiffs contend that because the Assignment was invalid and unauthorized, Defendants did not hold either the note or mortgage and therefore lacked any standing to foreclose on the property. Id. ¶¶ 11, 17, 21, 30.  Plaintiffs assert eight "Counts," but do not identify the specific causes of action for which they seek relief.

## **STANDARD**

"The standard of review of a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6)."  Marrero-Gutierrez v. Molina, 491 F.3d 1, 5 (1st Cir. 2007).  To survive a motion to dismiss, a plaintiff must go beyond "labels and conclusions, and a formulaic recitation of the elements of a cause of action" and provide the court with the specific grounds supporting his entitlement to relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  A plaintiff must allege facts, when taken as true, state a claim to relief that is plausible on its face.  Id. (citing Iqbal, 129 S. Ct. at 1950).  The court need not accept as true legal conclusions legal conclusions or unsupported conclusions of fact.  Chiang v. Skeirik, 582 F.3d 238, 244 (1st Cir. 2009); Baillargeon v. Drug Enforcement Admin., 638 F. Supp. 2d 235, 236 -237 (D.R.I. 2009).

# ARGUMENT

## I.  PLAINTIFFS HAVE NOT COMPLIED WITH THE TENDER RULE.

The Court should grant judgment to the Defendants because Plaintiffs have not complied with Rhode Island's tender rule.  Because interference with a statutorily mandated foreclosure proceeding is equitable in nature, the tender rule provides that a borrower may not seek to challenge foreclosure proceedings if she "made no tender or offer of payment" of amounts due and owing under the loan.  Hanley v. Brayton, 17 A.2d 857, 860 (R.I. 1941).  Here, Plaintiffs seek relief from the foreclosure proceedings, but do not offer to pay any amounts due on the loan to BAC, the servicer of the loan.  As a result, Plaintiff is "hardly in a position to ask for equity when [they themselves] utterly neglect to do equity."  Id.; see also Keen v. Am. Home Mortgage Servicing, Inc., 664 F. Supp. 2d 1086, 1101 (E.D. Cal. 2009) (plaintiff failed to allege "any facts supporting her ability to tender any payment" and "an immediate ability or willingness to tender payment"); Joyner v. Bank of Am. Home Loans, 2010 WL 2953969, at *6 (D. Nev. July 26, 2010) (dismissing quiet title claim because plaintiff had "not tendered the amount owed on the loan" even though foreclosure sale had not yet occurred); White v. BAC Home Loans Servicing, LP, 2010 WL 4352711, at *5 (N.D. Tex. Nov. 2, 2010) ("to the extent [plaintiff] seeks equitable relief to avoid foreclosure, he cannot state a claim for such relief because he has not tendered the amount due on the loan").

Recognizing that tender is required, Plaintiffs allege that they "have offered to pay all ongoing mortgage payments and to pay the amount of $15,000 into the Registry of the Court pending the resolution of this Action."  Compl. ¶ 30.  But this argument fails for at least two reasons.  First, the tender rule requires Plaintiffs to offer tender to the owner or servicer of the loan to whom the money is owed, not a third party.  Second, no evidence exists that Plaintiffs

ever paid the amounts they mention into the state court or to this Court. For these reasons,

Plaintiffs have not complied with the tender rule, and so the Complaint should be dismissed.

## II.     PLAINTIFFS FAIL TO STATE A COGNIZABLE CLAIM FOR RELIEF.

Plaintiffs raise a grab-bag of arguments to claim their foreclosure is somehow improper,

but they ignore the terms of the Mortgage they signed, and their allegations fail to state any

cognizable claims for relief. Accordingly, the Court must grant judgment for Defendants.

### A.     Plaintiffs Lack Standing To Challenge The Assignment.

Plaintiffs challenge the validity of the Assignment of Mortgage. Compl. ¶¶ 12-15. As an

initial matter, the Court should reject Plaintiffs' challenge because they lack standing to raise

them. Under Rhode Island law, a plaintiff lacks standing to challenge a contract when the

plaintiff is not a party to that contract. See Brough v. Foley, 525 A.2d 919, 921 (R.I. 1987)

(affirming dismissal of challenge to sale of property because plaintiffs lacked standing to

challenge right of first refusal or assignment of that right in purchase and sale agreement;

holding that "[t]he plaintiffs were, in substance, strangers to those transactions and were given no

rights under the contract to challenge the transactions"); DePetrillo v. Belo Holdings, Inc., 2009

WL 3794902, at *2-*3 (R.I. Super. Ct. Nov. 6, 2009) (dismissing claim because "Plaintiff was a

stranger to the Lease Agreement . . . and its pertinent right of first refusal and therefore had no

rights to litigate its validity."). Here, Plaintiffs are only a party to the Mortgage. The

Assignment of the Mortgage is a separate contract, and Plaintiffs are not a party to it. See

Assignment of Mortgage (attached hereto as **Exhibit A**).[1] As a stranger to the Assignment,

---

[1]      The Court may properly consider the Assignment of the Mortgage in deciding a Rule 12 motion because Plaintiffs refer to the Assignment throughout the Complaint and base their claims on it. Rederford v. U.S. Airways, Inc., 589 F.3d 30, 35 (1st Cir. 2009). The Court may also take judicial notice of the Assignment as it is a matter of public record. In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 15-16 (1st Cir. 2003).

Plaintiffs may not dispute its validity.  See Brough, 525 A.2d at 921; DePetrillo, 2009 WL

3794902, at *2-3; see also Kiah, 2011 WL 841282, at *6 (D. Mass. Mar. 4, 2011) (rejecting

plaintiff's argument that assignment of mortgage was void because "it [was] difficult to see why

plaintiff has standing to assert such a claim").[2]

**B.    MERS Validly Assigned The Mortgage.**

Plaintiffs make several vague allegations purportedly challenging MERS' assignment of

the mortgage to FNMA.  See, e.g., Compl. ¶¶ 12-15, 17.  MERS had the ability to assign the

Mortgage because Plaintiffs expressly agreed to MERS's role as mortgagee and nominee in the

Mortgage.  Mortgage at pg. 1, ¶ C (attached hereto as **Exhibit B**) ("MERS is a separate

corporation that is **acting solely as nominee for lender and Lender's successors and assigns**.")

(emphasis added); pg. 3 (". . . Borrower does hereby mortgage, grant, and convey **to MERS**

(solely as nominee for Lender and Lender's successors and assigns) **and to the successors and**

**assigns of MERS**, with Mortgage Covenants upon the Statutory Condition and **with the**

**Statutory Power of Sale**, the following described property . . .") (emphasis added).  Plaintiffs

also agreed that MERS, "as nominee for Lender and Lender's successors and assigns," would be

entitled "to exercise any or all" of the lender's interests under the Mortgage including "the right

to foreclose and sell the Property; and to take any action required of Lender."  Id.  Plaintiffs

cannot now be heard to complain about MERS' assignment when they agreed to the use of

---

[2]    See also Livonia Props. Holdings, LLC v. 12840-12976 Farmington Road Holdings,
LLC, 2010 WL 4275305, at *4 (6th Cir. Oct. 28, 2010) ("Without a genuine claim that [the
assignee]is not the rightful owner of the loan and that [plaintiff] might therefore be subject to
double liability on its debt, [plaintiff] cannot credibly claim to have standing to challenge the
First Assignment."); Bridge v. Aames Capital Corp., 2010 WL 3834059, at *5 (N.D. Ohio Sept.
29, 2010) ("Given that Plaintiff was not a party to the assignment of the Mortgage between
[lender] and [assignee], neither of which dispute the validity of the assignment, and has not and
will not suffer any new injury nor face any obligation different from what was owed when [the
lender] held the note, Plaintiff does not have standing to assert her claim.").

MERS on the Mortgage.  See Kiah, 2011 WL 2011 WL 841282, at *8 ("[E]ven though MERS does not have a beneficial interest in the property, it nonetheless could have transferred the mortgage on its behalf of the beneficial owner . . . plaintiff's claims are contradicted by the very documents that he submitted with the complaint, and there is no plausible basis to suggest that those documents should be disregarded").[3]

Plaintiffs allege, without support, that MERS's assignment of the Mortgage was invalid because it was "signed by an attorney in the law firm of Harmon, Allison West Dalton, who lacked any authority to sign any MERS documents."  Compl. ¶ 12.  Plaintiffs further allege that that the Assignment is invalid because it was contrary to MERS' rules and regulations.  See id. ¶ 14.[4]  These allegations are meritless.  As the Complaint recognizes, Allison West Dalton

---

[3]     Kiah does not stand alone in affirming MERS' right to assign its interest in a mortgage. See, e.g., In re Lopez, 2011 WL 576820, at *4-*5 (Bankr. D. Mass. Feb. 9, 2011) (". . . even though MERS never had possession of the Note, it was legally holding the Mortgage in trust for the Note holder . . . Though MERS never held the Note, it could, by virtue of its nominee status, transfer the Mortgage on behalf of the Note holder."); In re Akalarian, No. 1:09-bk-12681, Docket No. 106, Motion for Relief from Stay (Bankr. D.R.I. Apr. 26, 2010), Docket No. 110, Objection (Bankr. D.R.I. May 3, 2010), & Docket No. 127, Order (Bankr. D.R.I. June 4, 2010) (granting motion for relief from stay filed by assignee of MERS mortgage over debtor's objection that "[t]he assignments of Mortgage . . . are without authority and amount to a break in the chain of title") (attached hereto as **Exhibit C**); Basilla v. GMAC Mortgage, No. 09-J-519, Order (Mass. App. Ct. Dec. 4, 2009) ("[T]he lender's nominee and record title holder had the ability to make a valid assignment") (attached hereto as **Exhibit D**); Lane v. Vitek Real Estate Indus. Group, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) ("MERS has standing to foreclose as the nominee for the lender and beneficiary of the Deed of Trust and may assign its beneficial interest to another party."); Castaneda v. Saxon Mortgage Servs., 687 F. Supp. 2d 1191, 1198 (E.D. Cal. 2009) ("As the listed nominee and beneficiary under the Deed of Trust, MERS had authority to assign its beneficial interest to another party."); Blau v. America's Servicing Co., 2009 WL 3174823, at *5 (D. Ariz. Sept. 29, 2009) (MERS empowered to assign its interest as beneficiary); US Bank, N.A. v. Flynn, 27 Misc. 3d 802, 806 (N.Y. Sup. Ct. 2010) (given the broad powers conferred by the Deed of Trust, an assignment by MERS of the note and the mortgage "confers good title to the assignee and is not defective for lack of an ownership interest in the note at the time of the assignment").

[4]     Plaintiffs' additional allegations about the "invalid" Assignment of the Mortgage as a result of violation of the REMIC Trust agreements (Compl. ¶¶ 18-19), must be dismissed because Plaintiffs were not parties to these agreements and therefore lack standing to raise them.

executed the Assignment of the Mortgage from MERS to defendant FNMA on June 16, 2010.

Compl. ¶ 12. Ms. Dalton was authorized to execute the Assignment pursuant to the MERS

Corporate Resolution (attached hereto as **Exhibit E**).[5] The Corporate Resolution specifically

appoints Ms. Dalton as an officer of MERS who is permitted to execute documents necessary to

foreclose on a property. Although Plaintiff vaguely alleges that Ms. West was not "legally

authorized to be [a] MERS officer[]" (Compl. ¶ 14), federal courts have repeatedly affirmed

MERS's ability to appoint corporate officers in this fashion. See Bain v. Metro. Mortgage Group

Inc., 2010 WL 891585, at *1, *6 (W.D. Wash. Mar. 11, 2010) (dismissing complaint where loan

servicer employees were appointed as assistant secretaries and vice presidents of MERS to

execute documents necessary to foreclose; holding that loan servicer "openly and lawfully

allow[ed] its employees to sign on behalf of [MERS], pursuant to contract —which is the

essence of ordinary agency action everywhere. There is simply nothing deceptive about using an

agent to execute a document, and this practice is commonplace in deed of trust actions"); Phillips

v. Wells Fargo Bank, N.A., 2009 WL 3756698, at *4 (S.D. Cal. Nov. 6, 2009) (dismissing

complaint and rejecting allegation that "assignment was signed by an unauthorized party,

because [individual] was not and is not a Vice President of MERS" as entirely unsupported by

factual allegations) (internal quotation and citation omitted).[6]

---

Supra Part III, A; see also In re Samuels, 415 B.R. 8, 22 (D. Mass. 2009) (holding that an alleged failure to follow protocol set forth in the PSA did not render assignment under the PSA invalid).

[5]     The Court may properly consider the Corporate Resolution in deciding a Rule 12 motion because Plaintiffs refer to this document throughout the Complaint and bases their claims on it. Rederford, 589 F.3d at 35. The Court may also take judicial notice of the Corporate Resolution as it is a matter of public record. In re Colonial Mortgage Bankers Corp., 324 F.3d at 15-16.

[6]     Plaintiffs also allege that the Assignment is defective because MERS assigned the Mortgage "without designating the nominee" on the Assignment. Compl. ¶¶ 40-41. As discussed above, Plaintiffs agreed to MERS's role as mortgagee and nominee on the Mortgage and MERS validly assigned the Mortgage. There is no requirement that it was necessary for MERS to explain its role as nominee in the Assignment.

Indeed, in <u>Kiah</u>, the court held that a "MERS' signing officer . . . had signatory authority on the date of the assignment" as shown by "a MERS 'Corporate Resolution' that predate[d] the assignment and grant[ed] such authority to an 'attached list of candidates,' including [MERS' signing officer] . . . This is confirmed by the fact that MERS, a defendant in this case, does not contest the assignment." 2011 WL 841282, at *7. The court also rejected the plaintiff's contention that the individual's signatory authority was a "fraud on the court" as "[t]he relevant documents appear to have been created in accordance with MERS practices for authorizing and assigning mortgages . . . While those practices are arguably unusual, the Court does not appear to have been misled by the filings, and other courts have relief on similar assignments from MERS." <u>Id.</u> at *7 n.9 (collecting cases). Such is the case here. Thus, the Court should similarly reject Plaintiff's meritless allegations.

### C.    <u>BAC Was Authorized To Foreclose.</u>

Plaintiffs allege that "BAC, FNMA, and MERS have no interest in the property . . . and, thus, have no standing to foreclose upon the mortgage of the Plaintiffs or to enforce the note or to assign the mortgage or transfer the note." Compl. ¶ 30. As discussed above, MERS validly assigned the Mortgage to defendant FNMA "c/o BAC Home Loans Servicing, LP." <u>See</u> Exhibit A, Assignment of Mortgage. Thus, as Rhode Island statutory law provides—and numerous other courts have recognized—foreclosure under the Mortgage may be exercised by entities to whom the Mortgage has been assigned. <u>See</u> R.I. Stat. § 34-11-22 (". . . it shall be lawful for the **mortgagee or** his, her or its executors, administrators, **successors or assigns** to sell . . .) (emphasis added).

Further, as the loan servicer, BAC was authorized to foreclose on behalf of the note holder. <u>See</u> <u>Kiah</u>, 2011 WL 841282, at *5 (rejecting contention that servicer could not "be the

mortgagee if another entity owns the debt" and holding that the servicer "acts on behalf of the

owner of the debt . . . [The servicer] has the right to foreclose on the mortgage on [the owner of

the loan's] behalf"). Indeed, in <u>Bucci</u> v. <u>Lehman Bros. Bank</u>, the Court rejected the argument

that the ability to foreclose pursuant to R.I. Stat. § 34-11-22 was limited to original lender. It

found that such an interpretation –

> would be an absurd result because named mortgagees and lenders
> would be precluded from employing servicers to service and
> collect obligations secured by real estate mortgages. Clearly, the
> [Rhode Island] General Assembly envisioned a role for mortgage
> servicers in the mortgage lending industry.

2009 R.I. Super. LEXIS 110, at *18-*19 (R.I. Super. Ct. Aug. 25, 2009). Other courts have

reached the same conclusion under similar foreclosure statutes. <u>See also</u> <u>Kiah</u>, 2011 WL

841282, at *5; <u>Wayne</u> v. <u>Home Servicing</u>, 2008 WL 4642595, at *3 (D. Nev. Oct. 16, 2008)

("th[e] authorization to proceed with foreclosure is one of the functions of a loan servicer");

<u>Elias</u> v. <u>HomeEq Servicing</u>, 2009 WL 481270, at *1 (D. Nev. Feb. 25, 2009) (loan servicer and

loan owner have standing to seek foreclosure); <u>Bankers Trust (Del.)</u> v. <u>236 Beltway Inv.</u>, 865 F.

Supp. 1186, 1191 (E.D. Va. 1994) (servicer has standing to foreclose even if not the holder of the

mortgage.[7] Plaintiffs' assertion is meritless and should be rejected.

---

[7]     The Restatement of Property also precludes Plaintiffs' argument: "[I]n general, a
mortgage is unenforceable if it is held by one who has no right to enforce the secured obligation.
For example, assume that the original mortgagee transfers the mortgage alone to A and the
promissory note that it secures to B. Since the obligation is not enforceable by A, A can never
suffer a default and hence cannot foreclose the mortgage. B, as holder of the note, can suffer a
default. However, in the absence of some additional facts creating authority in A to enforce the
mortgage for B, B cannot cause the mortgage to be foreclosed since B does not own the
mortgage. **This result is changed if A has authority from B to enforce the mortgage on B's
behalf**. For example, A may be a trustee **or agent of B** with responsibility to enforce the
mortgage at B's direction. **A's enforcement of the mortgage in these circumstances is proper**
. . . The trust or agency relationship may arise from the terms of the assignment, from a separate
agreement, or from other circumstances. **Courts should be vigorous in seeking to find such a
relationship, since the result is otherwise likely to be a windfall for the mortgagor and the**

## III. JUDGMENT MUST BE GRANTED BECAUSE THE COMPLAINT DOES NOT PROVIDE DEFENDANTS NOTICE OF THE CLAIMS BEING ASSERTED.

Finally, judgment should be entered for Defendants because Plaintiff fails to comply with Rule 8(a).

Under the Rule, the complaint must "give the defendant fair notice of *what the plaintiff's claim is* and the grounds upon which it rests." Persson v. Scotia Prince Cruises, Ltd., 330 F.3d 28, 34 (1st Cir. 2003) (emphasis added) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). Here, Plaintiffs list eight "Counts," but fail to identify the claims they seek to bring through these "Counts." Based on Plaintiffs' Complaint, it is not clear what type of claim are being asserted. Asociacion de Enfermeria Visitante Auffant, Inc. v. Great-West Life and Annuity Ins. Co., 2010 WL 5647106, at *7-*8 (D.P.R. Dec. 6, 2010) (holding that complaint fails to give defendants fair notice of the claim because "the complaint merely contains a conclusory allegation of "violations of securities laws" without noting any specific statute or concrete fact."). Accordingly, judgment should be entered for Defendants.

Moreover, there are numerous defendants named in the complaint, including Federal National Mortgage Association. Rule 8(a) is also violated because Plaintiffs treat all the defendants as one entity and fail to state the specific conduct of each defendant that led to their alleged injuries. Such "lumping" of the defendants does not provide Defendants fair notice of the claims and warrants dismissal. See Bagheri v. Galligan, 160 Fed. App'x 4, 5 (1st Cir. 2005) (upholding district court's dismissal of action where the original complaint did not "state clearly which defendant or defendants committed each of the alleged wrongful acts" and the plaintiff had failed to cure the pleading deficiencies); Atuahene v. City of Hartford, 10 Fed. App'x 33, 34

---

**frustration of B's expectation of security.**" Restatement (Third) Property, § 5.4, comment e. (emphasis added).

(2d Cir. 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [plaintiff]'s complaint failed to satisfy [the] minimum standard" of pleading under Fed. R. Civ. P. 8(a).").

## CONCLUSION

For these reasons, Defendants BAC Home Loans Servicing and Mortgage Electronic Registration Systems, Inc. respectfully request that the Court grant this Motion and enter judgment in favor of Defendants on all claims asserted in the Complaint.

Respectfully submitted,

BAC HOME LOANS SERVICING, LP and
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

By their attorneys,


/s/ Harris K. Weiner
Harris K. Weiner (# 3779)
Salter McGowan Sylvia & Leonard, Inc.
321 South Main Street, Suite 301
Providence, RI 02903
Office: 401-274-0300
Fax: 401-453-0073
hweiner@smsllaw.com

John B. Daukas (# 5437)
GOODWIN PROCTER LLP
EXCHANGE PLACE
53 State Street
Boston, Massachusetts 02109
Tel.: 617.570.1000
Fax: 617.523.1231
jdaukas@goodwinprocter.com

Dated: March 22, 2011

## <u>CERTIFICATE OF SERVICE</u>

I, Harris K. Weiner, hereby certify that on March 22, 2011, a copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies shall be served by first class mail postage prepaid on parties listed on the NEF as not receiving electronic notice.

/s/ Harris K. Weiner

Harris K. Weiner