# EXHIBIT C

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| In Re: 09-12681-anv ) | Chapter 7    Proceeding |
| ) | |
| Clara Akalarian ) | |
| Debtor ) | |
| ) | |
| OneWest Bank, FSB ) | |
| Movant ) | |
| ) | |
| vs. ) | |
| ) | |
| Clara Akalarian ) | |
| and Andrew S. Richardson, Trustee ) | |
| Respondent ) | April  26, 2010 |

### MOTION FOR RELIEF FROM THE AUTOMATIC STAY

The Movant, OneWest Bank, FSB, moves this Court to enter an order granting it relief from the automatic stay provisions of 11 U.S.C. § 362 upon the following grounds:

1. On July 9, 2009 Clara Akalarian filed a petition under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Rhode Island bearing case number 09-12681-anv.

2. On November 27, 2006, Clara Akalarian executed a promissory note in the original principal amount of $334,000.00 in favor of Nation One Mortgage Company, Inc.  The Note has been endorsed in blank and is held by the Movant as bearer paper.  A copy is attached hereto as Exhibit A.

3. To secure said note, the Debtor mortgaged the premises known as 793 Namquid Road, Warwick, Rhode Island by virtue of a mortgage, dated November 27, 2006 and recorded

on December 1, 2006 in Volume 6409 at Page 6 of the Warwick Land Records. A copy is attached hereto as Exhibit B. Mortgage Electronic Registration Systems, Inc. solely as nominee for Nation One Mortgage Company, Inc. assigned said mortgage to OneWest Bank, FSB by virtue of an assignment, dated May 12, 2009 and recorded June 10, 1009 in Volume 7075 at Page 81 of the Warwick Land Records. A copy is attached hereto as Exhibit C.

4. Upon information and belief, the subject property was owned by the Debtor as of the date of the filing of the petition.

5. There is no other collateral securing the Debtor's obligation to the Movant.

6. As of April 7, 2010 the loan is contractually doe for the March 1, 2008 through April 1, 10 payments for a total arrearage of $70,978.18 which is broken down as follows: 6 payments at $2,724.93; and 20 payments at $2,731.43.

7. As of April 7, 2010, the loan is contractually due for the March 1, 2008 payment and the outstanding balance on said note and mortgage owed the Movant was $407,496.30 plus interest, late charges, collection costs, and reasonable attorney's fees.

8. Schedule C of the Debtor's Voluntary Petition lists an exemption in the amount of $300,000.00.

9. Schedule A of the Debtor's Voluntary Petition lists the value of the premises to be $476,200.00.

10. The Movant's title search of the premises reveals the following additional liens:

a. IndyMac Bank, FSB may claim an interest in said premises by virtue of a mortgage in the principal amount of $95,000.00 dated march 28, 2007 and recorded April 11, 2007 in Volume 6533 at Page 212 of the Warwick Land Records.

b. Department of Revenue Division of Taxation of Rhode Island may claim an interest in said premises by virtue of a tax lien dated March 11, 2008 and recorded March 17, 2008 in Volume 6805 at Page 142 of the Warwick Land Records

c. Rockland Trust Company may claim an interest in said premises by virtue of an execution in the approximate amount of $1,161,148.05 dated May 20, 2009 and recorded June 3, 2009 in Volume 7070 at Page 135 of the Warwick Land Records

d. City of Warwick may claim an interest in said premises by virtue of a tax lien in the approximate amount of $1,935.04 dated June 3, 2009 and recorded June 3, 2009 in Volume 7071 at Page 83 of the Warwick Land Records.

11. The Movant is entitled pursuant to 11 U.S.C. § 362(d)(1) to relief from automatic stay for cause, including lack of adequate protection of its interest in the subject property.

12. The Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362 (d)(2)(a) and (b) because there is no equity for the Debtor in such property, and such property is not necessary for an effective reorganization of said Debtor.

13. The Movant also requests that this court order that Bankruptcy Rule 4001 (a)(3) is not applicable so that Movant may immediately enforce and implement the requested order modifying the automatic stay.

14. The Movant hereby gives notice that upon the granting/consideration of this motion, it may assess the Debtor's account with reasonable attorney's fees and costs in connection with the preparation, filing, and prosecution of this Motion for Relief from Stay. Said note and mortgage identified in Paragraphs 1 and 2 above contain provisions allowing the

Movant to collect reasonable attorney's fees and costs in connection with enforcing the note and mortgage. In the event the Debtor receives a discharge, such fees and costs shall be non-recourse against the Debtor unless included in a reaffirmation agreement.

WHEREFORE, the Movant respectfully requests this court to modify the automatic stay pursuant to 11 U.S.C. § 362 (d) in order to allow said Movant to foreclose its mortgage on the subject Premises or, in lieu of foreclosure, the Movant or its servicing agent, at its option, to offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement, including accepting a deed in lieu of foreclosure from the Debtor. The Movant further moves for relief so that it or its designated servicing agent may contact the Debtor via telephone or written correspondence to offer such an agreement and in the event the Debtor receives a discharge any such agreement shall be non-recourse against the Debtor unless included in a reaffirmation agreement.

OneWest Bank, FSB

By /s/Jeffrey J. Hardiman
Jeffrey J. Hardiman
The Movant's Attorney
Bar No.6299
Bendett & McHugh, P.C.
160 Farmington Avenue
Farmington, CT 06032
Phone (860) 677-2868
Fax (860) 677-4549
Email: BKECF@bmpc-law.com

Within ten (10) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006 (f) if served by mail, any party against whom such paper has been served, or any other party who objects to the relief sought, shall serve and file

an objection or other appropriate response to said paper with the Bankruptcy Court Clerk's Office, 380 Westminster Mall, 6th Floor, Providence, RI 02903, (401) 626-3100. If no objection or other response is timely filed, the paper will be deemed unopposed and will be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise.

United States Bankruptcy Court
District of Rhode Island

In Re: Clara Akalarian:                           1:09-bk-12681
                                                  Chapter 7

### OBJECTION TO MOTION FOR RELIEF FROM STAY

Now comes the Debtor in the above matter, and OBJECTS to the motion for Relief from Stay. Under Rule 17 Federal Rules of Civil Procedure, Movant lacks standing to file a motion for relief from stay. Movant lacks an endorsed note and lacks standing to enforce the security instrument. Movant does not possess the endorsed mortgage note and has not recorded its assignment of mortgage on the land records. The assignments of Mortgage that the Movant identified are without authority and amount to a break in the chain of title.

**Wherefore,** Debtor prays the motion for relief from stay be denied.

**Debtor,**

Clara Akalarian
By her Attorney:
/s/ Keven A. McKenna, Esq
Keven A. McKenna, P.C.
23 Acorn Street
Providence, RI 02903
(401) 273-8200

### CERTIFICATION

I hereby certify that on the 3th day of May 2010, a true copy of the within was mailed postage prepaid and

A Andrew S. Richardson
Boyajian Harrington & Richardson

1

182 Waterman Street  
Providence, RI 02906  
(401) 273-9600

/s/ Keven A. McKenna

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| In Re: | ) Chapter 7   Proceeding |
| | ) |
| Clara Akalarian | ) Case No. 09-12681-anv |
| Debtor | ) |
| | ) Doc. I.D. No. |
| OneWest Bank, FSB | ) |
| Movant | ) |
| | ) |
| vs. | ) |
| | ) |
| Clara Akalarian | ) |
| and Andrew S. Richardson, Trustee | ) |
| Respondent | ) |

## ORDER GRANTING MOTION FOR RELIEF

After notice and a hearing, *see* Bankruptcy Code Section 102(1), on OneWest Bank, FSB, (hereafter, the "Movant"), Motion for Relief from the Automatic Stay, Doc. I.D. No. 106:

**IT IS HEREBY ORDERED** that the Motion is Granted—the automatic stay of 11 U.S.C. § 362(a) is modified to permit the Movant, its designated servicing agent, and/or its successors and assigns to commence, continue, and prosecute to judgment a foreclosure action and otherwise exercise its rights, if any, with respect to real property known as **793 Namquid Road, Warwick, Rhode Island** in accordance with applicable state law, and

**IT IS FURTHER ORDERED** that the Movant, its designated servicing agent, and/or its successors and assigns may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement, including accepting a deed in lieu of foreclosure from the Debtor. The Movant or its designated servicing agent may contact the Debtor via telephone or written correspondence to offer such an agreement. In the event the Debtor receives a discharge, any such agreement shall be non-recourse against the Debtor unless included in a reaffirmation agreement.

**IT IS FURTHER ORDERED** that the Movant may assess the Debtor's mortgage account with reasonable attorney's fees and costs in connection with this Motion for Relief from Stay. In the event the Debtor receives a discharge, such fees and costs shall be non-recourse against the Debtor unless included in a reaffirmation agreement.

**IT IS FURTHER ORDERED** that the 10-day stay of Fed.R.Bankr.P. 4001 (a)(3) is not applicable and the Movant may immediately enforce and implement this order.

No deficiency judgment shall be enforced without the further order of the Court.

Dated: *June 4, 2010*

BY THE COURT

*Henry J. Boroff*
U. S. Bankruptcy Court

Entered on Docket: 6/4/2010