UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| In re: Mortgage Foreclosure Cases | ) ) ) ) ) | Misc. No. 11-mc-88-M-LDA |

## ORDER

Plaintiffs have filed Motions for Disbursement of Use & Occupancy Fees ("U&O fees") held by the Special Master. (*See, e.g.*, C.A. No. 11-501, ECF No. 16.) The cases in which the Special Master holds U&O funds each fall into one of three categories of procedural posture: (1) cases in which Plaintiffs have filed a voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), which the Court has entered, thus terminating the case; (2) cases in which the Court dismissed the case for various legal or procedural reasons; and (3) cases that remain active before either the Special Master or this Court. This opinion applies only to unsettled, voluntarily dismissed cases where Plaintiffs have asked the Court to disburse all U&O fees to them In these cases, Plaintiffs have voluntarily dismissed their claims pursuant to Rule 41(a)(1)(A)(i).[1]

A brief review of the origination of U&O fees in these cases sets the stage for the Court's decision. This Court issued an order in August 2011 staying all foreclosures and possessory actions. (11-mc-88, ECF No. 1.)[2] Beginning in February 2012, the Special Master required all

---

[1] A list of the cases and motions to which this Order applies is attached as Exhibit A.
[2] This Court reiterated the stay in subsequent orders. For example, on January 5, 2012, this Court issued an Order wherein it specified that the stay put in effect on August 16, 2011 "shall remain in full force until such time as further order of this Court . . . ." (ECF No. 156 at 4.) Again, on February 3, 2012, this Court issued an Order repeating that the stay remained in place and explaining that the mortgage foreclosure cases "are held in temporary abeyance in all respects to allow the parties to engage in meaningful mediation." (*See* Text Order, Feb. 3, 2012.)

Plaintiffs who participated in the Special Master's settlement program to pay U&O fees in escrow to the Special Master during the pendency of the litigation. (ECF No. 299; *see also* ECF No. 1094 at 5.) The Court found the authority to impose the U&O fees in *In re Villa Marina Yacht Harbor, Inc.*, 984 F.2d 546, 548 (1st Cir. 1993), where the First Circuit "repeatedly recognized this inherent power of the district court as encompassing the power to order various types of 'administrative' actions." In calculating the U&O payment, the Special Master "reduced the mortgage amount [Plaintiff] disclosed in the questionnaire by half, placed a 4% interest rate on that amount, calculated a monthly payment using a 30-year amortization and rounded the result to the nearest $10." (ECF No. 824 at 3.)

The rationale for imposing the U&O fees was two-fold. One reason was that in most instances Plaintiffs continued to occupy the property because the court-imposed stay prevented Defendants from asserting their right to foreclose or taking possession of the property. (ECF No. 1679 at 2.) ("The U&O Fees are not only imposed because the Plaintiff actually lives in the property. They are also imposed because the Defendants are required to make tax and insurance payments, but are denied access to and ownership of the property as a result of the litigation and stay.") A second reason was to facilitate settlement via loan modifications whereby Plaintiffs could demonstrate that they were able to make monthly payments. (ECF No. 299 at 3.) The Special Master recognized this dual purpose when she ordered that she would disburse the monies to Defendants if there were a settlement of the matter, but that the Court would need to determine what to do with the monies if there were no settlement. (ECF No. 824 at 3.)

The Special Master program progressed, Plaintiffs paid U&O fees, and the stay continued until the First Circuit issued its ruling in *Fryzel v. Mortg. Elec. Registration Sys.*, 719 F.3d 40 (1st Cir. 2013). Post-*Fryzel*, this Court dissolved the stay and eliminated the requirement for

Plaintiffs to make U&O payments, leaving for "a later date a procedure for disbursing the fees already paid and held by the Special Master." (ECF No. 2249 at 8.) Upon Plaintiffs' motions, the Court must now determine what to do with the U&O fees the Special Master currently holds in cases that did not settle and have been voluntarily dismissed.[3]

Plaintiffs argue that, because they voluntarily dismissed the cases, there is no case or controversy that would bestow jurisdiction on the Court sufficient to allow it to decide that the Special Master should pay the U&O fees to Defendants. (C.A. No. 11-501, ECF No. 16.) ("As a result [of the voluntary dismissal], this Court does not retain jurisdiction of the matter that was pending. Any fees or funds paid by the Plaintiffs and held by the Court, via the Special Master, are no longer within the jurisdiction of the Court and must be returned to Plaintiffs.") In objecting to Plaintiffs' motion, Defendants argue that they are entitled to the U&O fees because Plaintiffs have been living in their homes without making any mortgage or rent payments. Additionally, Defendants have been paying insurance and taxes on the properties and yet, at least for a period of time, could not foreclose or take possession of the property for purposes of re-sale or rental.

First, the Court rejects Plaintiffs' argument that this Court does not have jurisdiction to issue an order concerning the accumulated U&O fees. The Court is empowered to "consider collateral issues after an action is no longer pending." *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 395 (1990). How the Special Master should dispose of the collected U&O fees is clearly the type of collateral matter encompassed within the Court's power. If the Plaintiffs' argument were to be accepted, the Court would be powerless to make any order directing the

---

[3] The Court will issue a subsequent order on the U&O fees in cases that the Court terminated by means other than a voluntary dismissal.

3

Special Master to act, including the return of the U&O fees to the Plaintiff. The money would forever stay in escrow. This Court will not sanction such an absurd result.

Getting to the crux of the issue, the scenario of voluntarily dismissed cases presents a difficult decision in no small part because of the strong visceral appeal of Defendants' argument. It is not difficult to comprehend that many of the homeowner Plaintiffs have been living in their homes without making any payments toward principal or interest on notes they voluntarily signed when they purchased the homes. Financial institutions likely have made tax and insurance payments on the properties post-foreclosure and perhaps spent additional monies in order to maintain the properties with a previously restricted opportunity to foreclose and re-sell. The sole basis for imposing the U&O fees, however, was not to compensate Defendants for the missing mortgage, tax, and/or insurance payments. If that were the case, the Court would have ordered the U&O fees to be paid directly to Defendants at the time Plaintiffs made their payments. The Court ordered Plaintiffs to make U&O payments to the Special Master to be held in escrow until either a settlement (when the monies would be turned over to the Defendants or otherwise paid out by agreement) or such other time, when this Court would determine how the funds would be distributed.

The difficulty in yielding to Defendants' visceral argument comes in because Defendants have made no legal claims for the monies that Plaintiffs may owe them. Although the Court had imposed U&O fees and stayed litigation in these matters while the case was before the Special Master for settlement purposes, Defendants have never asked for leave to file a counterclaim, and/or never filed an answer and counterclaim when the Court allowed the Defendants to file answers in cases before the Special Master. (*See* ECF No. 2321.) ("Any defendant may file an answer to a complaint even while the matter is before the Special Master.") They have asserted

no other legal claim that would allow the Court to award the money to Defendants. Absent a legal claim against Plaintiffs, which could then be appropriately adjudicated according to the rules of procedure and evidence, there is no basis for this Court to award the money collected from Plaintiffs to Defendants once Plaintiffs have voluntarily dismissed their claims.

In addition, while Defendants were prevented from foreclosing or evicting during the stay, Defendants appealed that decision to the First Circuit, who found that the Court in fact imposed an injunction. The Court then dissolved the injunction and prohibition against possessory actions in September 2013, leaving Defendants free to take legal action on their rights since that time. (ECF No. 2249.)

The Court imposed the U&O fees in no small measure because it had the "inherent power . . . to *manage the litigation before it*." (ECF No. 1094 at 6.) (emphasis added.); *see also Villa Marina*, 984 F.2d at 548; *Zebrowski v. Hanna*, 973 F.2d 1001, 1003-04 (1st Cir. 1992) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). The Court specifically set forth that the U&O collection and /or disposition was "*during the pendency of the litigation*." (ECF No. 1094 at 5.) (emphasis added). Due to Plaintiffs' voluntary dismissal, done in accordance with the Federal Rules of Civil Procedure, there is no longer pending or active litigation before the Court in these cases. Therefore, the Court no longer has a case management basis to engage in the kind of fact-finding that would be necessary in order to equitably disburse the U&O funds and should therefore, instead, return the funds to those who paid them.

In advocating that they should receive the escrowed U&O fees, Defendants rely to the Court's order recognizing that "[t]he Special Master has instituted U&O for all Plaintiffs in these cases . . . for the first time in years, Plaintiffs are paying U&O and the Defendants will realize these payments *at the end of the settlement process*." (*Id.* at 12.) (emphasis added.) However,

the cases that are in Exhibit A were not dismissed at the end of the settlement process, but as voluntary dismissals under Rule 41. So, this is precisely why, in cases of voluntary dismissal the Court is returning the money to the party who paid the money and chose to voluntarily dismiss.

Finally, the United States Supreme Court made clear in *Cooter* that a district court's jurisdiction over a collateral matter turns on whether the matter required the court's "assessment of the legal merits of the complaint." *Cooter*, 496 U.S. at 395. The Supreme Court cautioned district courts against making underlying substantive decisions in order to resolve collateral matters. *Id.* at 395-96. It is clear to the Court that adjudicating the equitable disbursement of U&O funds does not involve a simple binary decision to award all the money either to Defendants or to Plaintiffs. For example, this Court would be required to make substantive decisions about both parties' actions in this matter that go to the heart of the dispute, such as the amount of money Defendant has expended, Plaintiff's responsibility for those costs, how much interest, if any, can be charged, and the equities between the parties. Taking its cue from *Cooter*, the Court finds that, because it would have to make findings that would implicate Defendants' and Plaintiffs' conduct, entitlements and defenses, the more prudent action is to return the fees to the parties who paid them.

The Court's decision today preserves the status quo because it in no way prevents Defendants from asserting their legal claims in the future for any money owed. Any claim that they have in any of the dismissed cases for monies past due or other damages caused by Plaintiffs' failure to make payments or illegal occupancy remain viable and available to them should they choose to file and prove such a claim in an independent legal action.

## CONCLUSION

Because Plaintiffs in the cases listed in the Exhibit A voluntarily dismissed their case pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), the Court GRANTS Plaintiffs' Motion for Disbursement of the U&O Fees and DENIES Defendants' Motions where applicable. The Special Master is ordered to return the funds to Plaintiffs.

IT IS SO ORDERED:

/s/ John J. McConnell, Jr.

John J. McConnell, Jr.
United States District Judge

June 25, 2014